ABRAHAM HILLIARD, Executor, *vs.* BENJAMIN SAWTELLE.

Under *St.* 1851, c. 233, § 13, [repealed by *St.* 1852, c. 312,] all actions were to be entered on the docket upon "the return day of the writ, or the next day thereafter," and the court had no discretion to allow an entry afterwards.

THE writ in this case, dated May 22, 1852, was returnable June 15, 1852, the regular return day, under *St.* 1851, c. 233, § 9. The writ was duly served, and returned by the officer to the clerk's office in Cambridge, on or before the return day. On that day the plaintiff's counsel delivered to the clerk at Concord (then in attendance upon the court) a list of all his actions which were to be entered on said return day, upon which list was this action, and paid him the entry fees, and delivered him all the writs, excepting in this case, which was then in the office in Cambridge. The clerk entered upon the docket at Concord the names of all the other actions except the above, which was not so entered, because the writ was not there. Upon returning to Cambridge, and finding that said writ was then in the office, and had been seasonably returned there, the clerk, on the 12th day of July, 1852, entered the name of the action upon the docket, and notified the defendant's counsel in writing. Prior to the entry of said action, the defendant's counsel sent to the clerk's office an affidavit of merits of defence to said action ; but not finding said action upon the docket, did not file said affidavit. After the entry, but prior to the September term of the court, the coun sel for the plaintiff verbally notified the counsel for the defendant of the entry of said action, and of the circumstances relating thereto, and offered to waive time for, and consent to the entry of an appearance for the defendant, and the filing of an affidavit of merits, but the counsel for the defendant neglected both to file an affidavit and to enter an appearance.

At the September term following, which was the first term after said entry, *Merrick*, J., presiding, in the absence both of the defendant and his counsel, the above facts were stated by the counsel for the plaintiff; and the court decided that said

action was rightly entered, and ordered that the defendant file an affidavit by the second day of the present term. Said affidavit was not filed pursuant to said order, nor had it been filed up to the September term, 1853, at which time the defendant moved that said action be dismissed, but *Wells*, C. J overruled the motion, and the defendant excepted.

*M. G. Cobb,* for the defendant.

*J. P. Converse,* for the plaintiff. 1. The writ was duly served and returned, and everything that the plaintiff could do was done. It is the policy of the law to uphold proceedings, unless the plaintiff is guilty of laches, or unless the statute, in terms or by necessary implication, forbids it. *Ut res magis valeat quam pereat.*

2. The statute provides that, upon the return of a writ, if certain things are done, the action shall be entered upon the docket. *St.* 1851, *c.* 233, § 13. Those things were all done by the plaintiff which he was required to do. The statute does not in terms require the entry upon the docket to be made on either of the return days of writs. — See the above statute.

3. Under former statutes, and also under the subsequent law of 1852, if a mistake was made, it could be remedied by the court, which was in session; but under the statute of 1851, there were return days when the court was not in session, and therefore a more liberal rule ought, if possible, to be applied.

4. As the statute of 1851 does not, in terms, require an action to be entered upon the docket on either of the return days; and as the defendant has had ample opportunity to appear, neither any stern rule of law exists, nor is any injury to himself shewn, which can rightfully be set up to support his objection.

BY THE COURT. The practice act of 1851, now repealed by *St.* 1852, *c.* 312, proceeded on a system different from that which prevailed before and since. Writs were not returnable to any court, but to the office of the clerk, who had no discretion to enter or refuse to enter them on the docket. The plaintiff must, at his peril, enter his action on the first or

second day, and of such entry the defendant must, at his peril, take notice, and take the required measures for a defence ; otherwise, judgment might be rendered against him as of course.  If not entered within the time required by law, it seems to operate as a discontinuance, and no discretion was given to any court to permit a subsequent entry. It appears in the present case, that by mistake, either of the plaintiff's attorney or of the clerk, and it is immaterial which, for the purpose of this case, this action was not entered as required by the act, and the court of common pleas, at a subsequent term, had no authority to permit the entry in that court.  The appearance for the defendant, for the express purpose of moving the court to dismiss the action, was not a waiver of the exception or an assent to the entry.

*Exceptions sustained, and the action dismissed.*